Jeffrey D. Kaliel (CA Bar No. 238293)
Sophia G. Gold (CA Bar No. 307971)
jkaliel@kalielpllc.com
sgold@kalielpllc.com
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY HOWARDS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIFTH THIRD BANK,<br><br>Defendant. | **CLASS ACTION COMPLAINT** |

# CLASS ACTION COMPLAINT

Plaintiff Troy Howards ("Plaintiff"), on behalf of himself and all persons similarly situated, alleges the following based on personal knowledge as to allegations regarding the Plaintiff and on information and belief as to other allegations.

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and a class of all similarly situated consumers against Defendant Fifth Third Bank ("FTB" or "Bank"), arising from two separate practices involving its checking accounts: 1) its assessment of so-called Non-Fifth Third ATM Fees ("Out of Network Fees" or "OON Fees") on ATM withdrawal transactions that actually are in-network ATM transactions that should be entirely free; and 2) the assessment of multiple Non-Sufficient Funds Fees ("NSF Fees") on the same transaction, which is barred by the contract and is deceptive.

2. ATM Fee revenue for FTB has risen dramatically in recent years and become one of the primary drivers of Bank fee income. FTB assesses OON Fees in the amount of $2.75 on its accountholders who withdraw funds from ATMs not owned by FTB or its partners, including the Allpoint Network of ATMs and ATMs located in 7-Eleven stores.

3. However, even when FTB accountholders diligently use in-network ATMs, FTB still charges OON Fees on ATM withdrawals, in violation of express contract provisions.

4. Moreover, in violation of its contract and reasonable consumer understanding, FTB often charges more than one $35 NSF Fee on the *same transaction*, even though the contract states—and reasonable consumers understand—that the same transaction can only incur a *single* NSF Fee.

5. Plaintiff, and other FTB customers, have been injured by FTB's improper practices. On behalf of himself and the class, Plaintiff seeks damages, restitution and injunctive relief for FTB's breaches of contract and violation of California consumer protection statutes.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and at least one of the members of the proposed classes is a citizen of a different state than FTB.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because FTB is subject to personal jurisdiction here and regularly conducts business in this District, and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district.

## PARTIES

8. Plaintiff is a citizen of California who maintains a Fifth Third checking account in this District.

9. Defendant Fifth Third Bank is a state bank with its headquarters and principal place of business located in Cincinnati, OH. Among other things, FTB is engaged in the business of providing retail banking services to consumers, including Plaintiff and members of the putative classes, which includes the issuance of debit cards for use by its customers in conjunction with their checking accounts. FTB conducts business throughout the State of California.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

**I. FTB BREACHES ITS CONTRACT WITH CONSUMERS BY CHARGING OON FEES ON IN-NETWORK ATM TRANSACTIONS**

**A. FTB's Contract States It Will Only Charge Fees on Out-of-Network ATM Transactions**

10. Plaintiff has a FTB checking account, which is governed by FTB's standardized account agreement.

11. FTB issues debit cards to its checking account customers, including Plaintiff, which allows its customers to have electronic access to their checking

accounts for purchases, payments, and ATM withdrawals at both FTB and non-FTB ATMs.

12. Pursuant to FTB's standard account agreement in effect at the time of the relevant transactions:

> **Fifth Third and Partner Networks ATM Fee $0**—No charge to use Fifth Third ATMs or partner network ATMs[1]
>
> Non-Fifth Third ATM Fee $2.75 for U.S. transactions $5 for international transactions
>
> Other ATM network owners may also assess a usage fee.
>
> [1.] Fifth Third Bank is part of the Allpoint®, Presto!, and 7-Eleven® network of ATMs, which features more than 43,000 fee-free ATMs nationwide. Customers of Fifth Third Bank can withdraw cash fee-free from any domestic Allpoint® ATM in addition to Presto! ATMs located in Publix stores, and 7-Eleven® ATMs listed on our ATM locator on 53.com or on our Mobile Banking app. ATM fees may apply to certain 7-Eleven® locations in Oklahoma, Hawaii, and Alaska. Any 7-Eleven® location listed on our ATM locator is fee-free.

13. In short, FTB states no ATM Fees whatsoever will be charged for in-network FTB ATM transactions.

14. The Fee Schedule similarly states:

> Fifth Third ATM Fee $0 – No charge to use Fifth Third ATMs Non-Fifth Third ATM Transactions $2.75 for U.S. transactions
> $5 for international transactions
> Other ATM network owners may also assess a usage fee

### B. FTB Improperly Charges OON Fees at In-Network ATMs

15. On multiple occasions, Plaintiff has used an in-network ATM located inside a 7-Eleven store at 11285 Santa Monica Blvd. in Los Angeles, CA for cash withdrawals.

16. On some occasions, FTB has properly coded the cash withdrawal and does not charge Plaintiff a $2.75 OON Fee.

17. On other occasions, FTB has improperly coded the cash withdrawal and charged Plaintiff $2.75 OON Fees, in violation of its contractual promise not to do so.

18. For example, FTB improperly charged Plaintiff OON Fees for ATM withdrawals at 11285 Santa Monica Blvd. on July 7, 2017 and December 12, 2017.

## II. FTB ASSESSES TWO, THREE AND SOMETIMES MORE NSF FEES ON THE SAME TRANSACTION

### A. Plaintiff's Experience

19. On June 19, 2017, Plaintiff took an Uber ride that cost $13.16.

20. Fifth Third rejected payment of that transaction due to insufficient funds, and charged Plaintiff a $37 NSF Fee.

21. Seven days later, on June 26, 2017, the same transaction was submitted for payment again, and again Fifth Third rejected the transaction due to insufficient funds, and again charged Plaintiff a $37 NSF Fee.

22. Over a week later, the same transaction was submitted for payment yet again, and this time Fifth Third paid the transaction and charged a $37 OD Fee for doing so.

23. In sum, *FTB charged Plaintiff $111 in fees to process a single $13 payment to Uber.*

24. Plaintiff took no affirmative action to reinitiate or resubmit the transactions, which were submitted for payment automatically over and over again.

25. Plaintiff understood the payment to Uber be a single transaction, capable at most of receiving a single NSF or OD Fee.

26. The same pattern occurred on June 2, 2017 and June 9, 2017, when Fifth Third charged two $37 NSF Fees on a single $6.99 Uber transaction.

**B.  Account Disclosures**

27. FTB's Fee Schedule states:

> Customer authorizes Bank to honor any items bearing Customer's account number if Customer has disclosed that account number to the payee or any representative, affiliate, or party associated with the payee, whether or not the item is signed by the Customer. Customer further agrees that Bank may presume that authorization was obtained by the issuer of the item. For example, if Customer voluntarily gives information about their account (such as the routing number and account number) to a party who is seeking to sell Customer goods or services, and Customer does not physically deliver a check to the party, any debit to the account initiated by the party to whom you gave the information is deemed authorized. Customer is responsible for all properly payable items.
>
> […]
>
> Daily Overdraft Calculation. In this section, we describe how we apply credits (+) and debits (-) to your account for the purposes of calculating whether your account is overdrawn and fees will be assessed.
>
> […]
>
> Debits (-) are withdrawals or transfers of funds from your account.
>
> […]
>
> Examples of credits (+) and debits (-) that can be initiated with a third party include: • Checks you write that are presented to other banks, • Transactions with merchants where you have used your debit card[.]

[…]

We may assess an overdraft/returned item fee whether we pay or return a debit (-). See the "Pricing & Services" section of this booklet for information on the fees.

28. FTB's Fee Schedule states:

Overdraft or Returned Item Fees Checking & Savings Accounts: $37/item **for each occurrence**. Maximum of 5 overdraft fees charged per business day. No per-item fees charged when your account is overdrawn by $5 or less at the end of the Business Day.

(emphasis added).

C. **FTB May Not Charge More Than One NSF Fee on a Single Transaction that is Submitted for Payment Multiple Times**

29. Consistent with express representations in the contract, reasonable consumers understand any given authorization for payment to be one, singular transaction and one "occurrence" as that term is used in FTB's contract documents.

30. Upon information and belief, FTB has this same understanding in practice, since its systems code transactions in a way that alerts the Bank when the same item or transaction is being re-submitted for payment.

31. The contract documents bar FTB from assessing multiple NSF Fees on the same item or transaction.

32. FTB defines "debit" to mean a withdrawal or transfer, not an *attempted* withdrawal or transfer. This definition is important because FTB also states that "[w]e may assess an overdraft/returned item fee whether we pay or return *a debit*" (emphasis added).

33. Moreover, "debit" is defined in a way that it must encompass all submissions for payment of the same transaction. "Debit" cannot mean each re-submission of the same transaction because it is defined to mean "withdrawals or

transfers of funds from your account." The same transaction cannot be debited more than once.

34. FTB uses singular terms to discuss the assessment of fees on transactions. FTB states that it "may assess an overdraft/returned item fee whether we pay or return a debit"—expressly using the singular "fee," not plural "fees."

35. Moreover, FTB's account documents never disclose the circumstances when a "returned payment fee" is actually assessed, and never states that a "returned payment fee" can be charged more than once on the same transaction.

36. Lastly, the contract documents never state that one transaction or item can incur multiple NSF Fees, and never discloses that one transaction can count as multiple "occurrences" for purposes of fee assessment.

37. Additionally, FTB grants itself discretion to charge—or not to charge—an NSF Fee on a given transaction: "We may assess an overdraft/returned item fee whether we pay or return a debit (-)." When it charges more than one NSF on a given transaction, FTB engages in bad faith and contradicts reasonable consumer expectations.

## **CLASS ALLEGATIONS**

38. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

39. The proposed classes are defined as:

> All FTB checking account holders in the United States who within the applicable statute of limitation were assessed an OON Fee for a cash withdrawal at an in-network ATM (the "OON Fee Class").

> All FTB checking account holders in California who within the applicable statute of limitation were assessed an OON Fee for a cash withdrawal at an in-network ATM (the "California OON Fee Class").

> All FTB checking account holders in the United States who, during the applicable statute of limitations, were charged multiple NSF Fees on the same transaction. (the "NSF Class").
>
> All FTB checking account holders in California who, during the applicable statute of limitations, were charged multiple NSF Fees on the same transaction. (the "California NSF Subclass").

All of the classes are collectively referred to as the "Classes" and the California subclasses are collectively referred as the "California Subclasses."

40. Plaintiff reserves the right to modify or amend the definition of the proposed Classes before the Court determines whether certification is appropriate.

41. Excluded from the Classes are FTB, its parents, subsidiaries, affiliates, officers and directors, any entity in which FTB has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

42. The members of the Classes are so numerous that joinder is impractical. The Classes consist of thousands of members, the identity of whom is within the knowledge of and can be ascertained only by resort to FTB's records.

43. The claims of the representative Plaintiff are typical of the claims of the Classes in that the representative Plaintiff, like all Class members, was charged improper OON Fees and NSF Fees. The representative Plaintiff, like all Class members, has been damaged by FTB's misconduct in that he has paid improper OON Fees and NSF Fees. Furthermore, the factual basis of FTB's misconduct is common to all Class members, and represents a common thread of unfair and unconscionable conduct resulting in injury to all members of the Classes.

44. There are numerous questions of law and fact common to the Classes and those common questions predominate over any questions affecting only individual Class members.

45. Among the questions of law and fact common to the Classes are whether FTB:

    a. Charged OON Fees on in-network ATM transactions;

    b. Breached its contract with consumers by charging OON Fees on in-network ATM transactions.

    c. Charged multiple NSF Fees on a single transaction;

    d. Breached its contract with consumers by charging multiple NSF Fees on a single transaction;

    e. Breached the covenant of good faith and fair dealing by charging OON Fees on in-network ATM transactions;

    f. Breached the covenant of good faith and fair dealing by charging multiple NSF Fees on a single transaction;

    g. Violated the UCL by charging multiple NSF Fees on a single transaction;

    h. Violated the UCL by charging OON Fees on in-network ATM transactions;

    i. Whether Plaintiff and the Class were damaged by Defendant's conduct and if so, the proper measure of damages.

46. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of FTB, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class

members will continue to suffer losses and FTB's misconduct will proceed without remedy.

48. Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
### Breach of Contract
### (On Behalf of the Classes)

49. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

50. Plaintiff and FTB have contracted for bank account deposit, checking, ATM, and debit card services, as embodied in FTB's Account Agreement and related documentation.

51. No contract provision authorizes FTB to charge OON Fees for in-network ATM transactions.

52. FTB charged Plaintiff and class members OON Fees on in-network ATM transactions.

53. Therefore, FTB breached the terms of its contract with consumers by charging OON Fees at in-network ATMs.

54. In addition, for the reasons discussed herein, the contract documents bar FTB from assessing multiple NSF Fees on the same item or transaction.

55. FTB charged Plaintiff and class members multiple NSF Fees on the same transaction.

56. Therefore, FTB breached the terms of its contract with consumers by charging multiple NSF Fees on the same transaction.

57. Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the contract.

58. Plaintiff and members of the Class have sustained damages as a result of FTB's breach of the Account Agreement.

## SECOND CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing
**(On Behalf of the Classes)**

59. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

60. Plaintiff and FTB have contracted for bank account deposit, checking, ATM, and debit card services, as embodied in FTB's Account Agreement and related documentation.

61. Under the laws of the states where FTB does business, good faith is an element of every contract. Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

62. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

63. FTB has breached the covenant of good faith and fair dealing in the Account Agreement through its OON Fee policies and practices as alleged herein. FTB should not have used its discretion to charge OON Fees on in-network ATM transactions.

64. In addition, FTB grants itself discretion to charge—or not to charge—an NSF Fee on a given transaction: "We may assess an overdraft/returned item fee whether we pay or return a debit (-)." When it charges more than one NSF on a given transaction, FTB breaches the covenant of good faith and fair dealing.

65. Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the Account Agreement.

66. Plaintiff and members of the Class have sustained damages as a result of FTB's breach of the covenant of good faith and fair dealing.

### THIRD CLAIM FOR RELIEF
### Violation of California Unfair Competition Law, Unfair Prong
### Business and Professions Code § 17200
### (On Behalf of the California Subclasses)

67. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

68. Defendant's conduct described herein violates the Unfair Competition Law (the "UCL"), codified at California Business and Professions Code section 17200, *et seq*.

69. The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language.

70. By defining unfair competition to include any "any unlawful, unfair or fraudulent business act or practice," the UCL permits violations of other laws to be treated as unfair competition that is independently actionable, and sweeps within its scope acts and practices not specifically proscribed by any other law.

71. Defendant's conduct violates the UCL's "unfair" prong insofar as Defendant charges OON Fees on in-network ATM transactions.

72. Moreover, Defendant's conduct violates the UCL's "unfair" prong insofar as Defendant charges multiple NSF Fees on a single transaction.

73. Defendant's conduct was not motivated by any business or economic need or rationale. The harm and adverse impact of Defendant's conduct on members of the general public was neither outweighed nor justified by any legitimate reasons, justifications, or motives.

74. The harm to Plaintiff and Class Members arising from Defendant's unfair practices relating to the imposition of OON Fees and NSF Fees outweighs the utility, if any, of those practices.

75. Defendant's unfair business practices relating to OON Fees and NSF Fees as alleged herein are immoral, unethical, oppressive, unscrupulous, unconscionable and/or substantially injurious to Plaintiff and members of the Class.

76. Defendant's conduct was substantially injurious to consumers in that they have been forced to pay OON Fees on in-network ATM transactions and multiple NSF Fees on the same transaction. These Fees are not disclosed in their contract with FTB.

77. As a result of Defendant's violations of the UCL's "unfair" prong, Plaintiff and members of the Class have paid, and/or will continue to pay OON Fees and NSF Fees and thereby have suffered and will continue to suffer actual damages.

**FOURTH CLAIM FOR RELIEF**
**Violation of California Unfair Competition Law, Fraudulent Prong**
**Business and Professions Code § 17200**
**(On Behalf of the California Subclasses)**

78. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

79. Defendant's conduct described herein violates the Unfair Competition Law (the "UCL"), codified at California Business and Professions Code section 17200, *et seq*.

80. The UCL prohibits, and provides civil remedies for, unfair competition. Its purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language.

81. By defining unfair competition to include any "any unlawful, unfair or fraudulent business act or practice," the UCL permits violations of other laws to be treated as unfair competition that is independently actionable, and sweeps within its scope acts and practices not specifically proscribed by any other law.

82. Defendant committed fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq*., when it affirmatively and knowingly misrepresented its OON Fee practices and NSF Fee practices. Such representations misled the Plaintiff and are likely to mislead the public.

83. As a result of Defendant's violations of the UCL's "fraudulent" prong, Plaintiff and members of the Class have paid, and/or will continue to pay, OON Fees and NSF Fees and thereby have suffered and will continue to suffer actual damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Classes demand a jury trial on all claims so triable and judgment as follows:

1. Declaring FTB's OON Fee and NSF Fee policies and practices to be wrongful, unfair and unconscionable;

2. Restitution of all relevant fees paid to FTB by Plaintiff and the Classes, as a result of the wrongs alleged herein in an amount to be determined at trial;

3. Disgorgement of the ill-gotten gains derived by FTB from its misconduct;

4. Actual damages in an amount according to proof;

5. Statutory damages as permitted by law;

6. Punitive and exemplary damages;

7. Pre-judgment interest at the maximum rate permitted by applicable law;

8. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and

9. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Dated: March 8, 2018

Respectfully submitted,

/s/ Jeffrey D. Kaliel
Jeffrey D. Kaliel (CA Bar No. 238293)
Sophia G. Gold (CA Bar No. 307971)
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Attorneys for Plaintiff and the Putative Class